UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CARTWRIGHT,<br><br>                            Plaintiff,<br>v.<br>ANJALI PATEL et al.,<br><br>                          Defendants. | Case No.: 18cv2191-L-BGS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

      Pending before the Court is Plaintiff's motion for default judgment (Doc. no. 22) in the sum of $12,600 for statutory damages and attorneys' fees. No opposition was filed. For the reasons which follow, the motion is granted.

      Plaintiff is a paraplegic who uses a wheelchair. He booked a room at the Oceanside Inn & Suites located at 1820 S. Coast Hwy. in Oceanside, California ("Motel"). He discovered that his room and other amenities at the Motel were not accessible. Plaintiff filed a complaint pursuant to 42 U.S.C. § 12101 *et seq.* ("ADA") and Cal. Civ. Code § 51 *et seq.* ("Unruh Act") seeking damages and attorneys' fees. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

      Plaintiff served the complaint on individual Defendants Dipak T. Patel, Anjali D. Patel, Dhiren K. Sutaria, and Mamta D. Sutaria, who own the Motel, as well as Nurpur Property Management, Inc., which operates it. None of the Defendants

responded to the complaint or otherwise made an appearance. Upon Plaintiff's application, default was entered by the Clerk. (Doc. no. 13.)

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following entry of default by clerk. Entry of default does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs,* 792 F.2d 915, 924-25 (9th Cir. 1986). In deciding whether to grant a motion for a default judgment, the Court must consider the following factors ("*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Upon entry of default, all well-pleaded facts in the complaint are taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The complaint sufficiently alleges Defendants' liability under the ADA and the Unruh Act based on unlawful architectural barriers at the Motel. (*See* doc. no. 1 ("Compl.") and discussion in doc. no. 22-1 at 7-9.) Plaintiff therefore states a claim for liability against Dipak T. Patel, Anjali D. Patel, Dhiren K. Sutaria, and Mamta D. Sutaria as owners, and Nurpur Property Management, Inc. as the Motel's operator under the ADA and the Unruh Act. *See* 42 U.S.C. § 12182(a) & (b); Cal. Civ. Code § 51(f) (incorporating ADA violations); *see also* 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.").

Plaintiff's motion adequately addresses the *Eitel* factors to warrant entry of default judgment. (*See* doc. no. 22-1 at 9-12.) No Defendant is an infant,

incompetent person, in military service or otherwise exempt by the Soldiers' and Sailors' Relief Act. (Doc. no. 22-2 ("Price Dec.") at 3.)

    Plaintiff requests damages and attorneys' fees pursuant to the Unruh Act. Cal. Civ. Code § 52(a). The Unruh Act provides for minimum statutory damages of $4,000 against each person liable. *Id.* Accordingly, based on the allegations in the complaint and the declarations and exhibits filed with the pending motion (docs. no. 22-2 through 22-6), Plaintiff can recover $4,000 in damages jointly and severally against the owners Dipak T. Patel, Anjali D. Patel, Dhiren K. Sutaria, and Mamta D. Sutaria, and $4,000 individually against the operator Nurpur Property Management, Inc. *See Lentini v. Cal. Ctr for the Arts, Escondido,* 370 F.3d 837 (9th Cir. 2004.)

    Plaintiff also seeks attorneys' fees pursuant to Cal. Civ. Code § 52(a). His request for $3,775.00 in attorneys' fees and costs is adequately supported by counsel's declaration and exhibits thereto. (*See* Price Dec.) The Court finds 9.5 hours was reasonably expended to investigate Plaintiff's claims, prepare the complaint, request entry of default and move for default judgment. The Court also finds the average hourly rate of approximately $397 to be reasonable. Finally, the Court finds reasonable Plaintiff's itemized request for $825 in costs and investigator fees.

    For the foregoing reasons, Plaintiff's motion for default judgment is granted. Plaintiff is awarded $4,000 in damages against Defendants Dipak T. Patel, Anjali D. Patel, Dhiren K. Sutaria, and Mamta D. Sutaria jointly and severally, and $4,000 in

/ / / / /

1  damages against Defendant Nurpur Property Management, Inc. individually.  Finally,
2  Plaintiff is awarded $4,600 in attorneys' fees and costs.  The Clerk of Court is shall
3  enter judgment according to this order.

**IT IS SO ORDERED.**

Dated:  October 25, 2020

_____
Hon. M. James Lorenz
United States District Judge